**Jesus Pablo OÑATE, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 08–99–00088–CR.

Court of Appeals of Texas,
El Paso.

April 26, 2001.

Discretionary Review Refused
Oct. 24, 2001.

Mark Berry, El Paso, for Appellant.

Jamie E. Esparza, Dist. Atty., Richard Dulany, Jr. (on appeal only), Asst. Dist. Atty., El Paso, for the State.

Before Panel No. 3: BARAJAS, C.J., LARSEN, and CHEW, JJ.

## OPINION

RICHARD BARAJAS, Chief Justice.

This is an appeal for convictions for the offenses of possession of heroin in an amount less than one gram, as well as possession of cocaine in an amount less than one gram. Both charges were enhanced by the allegation of four prior felony convictions. The jury assessed punishment at ten (10) years' imprisonment and a $1,000 fine. We affirm the judgment of the trial court.

## I. *SUMMARY OF THE EVIDENCE*

Prior to the presentation of evidence, Appellant invoked "The Rule" pursuant to Tex.R. Evid. 614. The trial court instruct-

ed those witnesses that were present in the courtroom "... not to discuss the case among yourselves or with anyone else, except the attorney who will call you, without first obtaining the Court's permission."

The State presented the testimony of Caesar Lorenzo Diaz of the El Paso Police Department. Officer Diaz testified that on March 16, 1998, while on plain clothes duty, he saw a 1969 Volkswagen station wagon stop at an intersection in El Paso, Texas. A man was seen approaching the vehicle and exchanging something with the passenger of the vehicle. As Officer Diaz suspected drug trafficking, he followed the station wagon to a nearby pharmacy where Appellant exited the station wagon and went into the pharmacy and purchased syringes. Appellant returned to the station wagon and it drove away. After following it for a period of time, he and two other officers stopped the station wagon. Officer Diaz saw Appellant throw a hypodermic syringe to the car's floor. Appellant and his passenger were removed from the vehicle and Officer Diaz observed drug paraphernalia inside the car. Among other things, he saw a bottle cap with a filter containing a brown liquid substance.

Officer Diaz testified that he extracted the substance from the filter using a syringe, then placed the syringe in a tube, or cylinder, specifically designed for carrying syringes. He then went to the Mission Valley police substation where he placed the tube inside an envelope and deposited the envelope inside the narcotics locker there at the substation. The cylinder containing the syringe was marked with Officer Diaz's initials and dated, ultimately placed inside a folder along with a chain-of-custody form, and sealed.

Kimmett G. Bellows, the narcotics custodian with the El Paso Police Department, testified that on March 23, 1998, he picked up the envelope in question from the police substation. He testified that he placed his name, his identification number, and the time and date he collected the envelope on an accompanying chain-of-evidence form. He took the envelope to the laboratory headquarters where he secured it in the vault area.

Officer Bellows stated that later, Tamez picked up the envelope and transferred the contents of the syringe into a vial. He wrote the date "March 16th" on the chain-of-custody form, a date several months *before* the envelope was placed at the substation. Officer Bellows, in testifying, related that Tamez had made an error on the form. During cross-examination, Officer Bellows was asked if he had spoken to Tamez about the error, to which he stated that he spoke with him the day before concerning the error. Officer Bellows stated that he did not know that the Rule had been invoked.

The Assistant District Attorney in the instant case informed the trial court that he neglected to tell Officer Bellows that the Rule had been invoked when he spoke with the officer concerning the date discrepancy on the chain-of-custody form. The prosecutor further stated that he asked Officer Bellows to call Tamez and tell him about the discrepancy, all in violation of the Rule.

The trial court stated that the prosecutor could have called Tamez directly and told him of the error. The trial court found that Appellant had not been harmed by the violation and denied Appellant's motion for an instructed verdict. Further, the trial court fined the prosecutor the sum of $100 for having violated the Rule.

When Tamez testified, he stated that the evidence was brought to the laboratory by Officer Bellows in May of 1998. Tamez stated that on May 13, 1998, he got the envelope out of the police evidence room

and that he had mistakenly dated the form. Tamez denied having spoken to Officer Bellows the previous evening concerning the mistake in the form. Finally, Tamez testified that Officer Bellows only told him to be in court the next morning. Appellant moved to dismiss his case on the basis of prosecutorial misconduct. The trial court denied the Appellant's motion.

## II. *DISCUSSION*

In Issue No. One, Appellant asserts that the trial court erred in allowing evidence that violated the Rule. Enforcement of the Rule is left largely to the discretion of the trial court. *See Cooper v. State*, 578 S.W.2d 401, 403 (Tex.Crim.App. 1979), *overruled on other grounds, Bates v. State*, 587 S.W.2d 121 (Tex.Crim.App. 1979). The review on appeal in this instance is: (1) did the witness actually confer with another witness without court permission, and (2) did the witness's testimony corroborate the testimony of the witness he allegedly conferred with. *White v. State*, 958 S.W.2d 460, 464 (Tex.App.— Waco 1997, no pet.).

The record is clear that Officer Bellows, at the urging of the Assistant District Attorney, telephoned Tamez and alerted him to the discrepancy in State's Exhibit Five, the chain-of-custody form. Officer Bellows and Tamez clearly corroborated each other's testimony concerning the mistake that was made. We find that communication, at the urging of the Assistant District Attorney to be contrary to the order of the trial court, and its admission error. Nonetheless, given the facts and circumstances of this case, we find that no harm occurred.

A "Rule error" is non-constitutional error and the harm analysis is conducted under Tex.R.App. P. 44.2(b). In assessing the harmfulness of a Rule violation, the essential question is:

1) whether the complained of testimony concerned matters of critical importance going directly to the question of guilt; or,

2) whether the testimony merely address incremental matters such as the explanation of routine police conduct.

*See White*, 958 S.W.2d at 465. In the instant case, the challenged testimony concerned a mistaken clerical error that did not go to the admissibility of the evidence. *See Cartwright v. State*, 807 S.W.2d 654, 656 (Tex.App.—Beaumont 1991), *aff'd*, 833 S.W.2d 134 (Tex.Crim.App.1992). As we find no harm, Issue No. One is overruled.

In Issue No. Two, Appellant maintains that the trial court erred in allowing false testimony to be used by the prosecution. Specifically, Appellant asserts that the prosecution used perjured testimony. The State is not allowed to use perjured testimony to obtain a conviction. *Losada v. State*, 721 S.W.2d 305, 311 (Tex. Crim.App.1986). If the prosecution presents false testimony which relates to an essential element of the offense, and fails to correct its own testimony, then reversal will naturally follow. *See id.* Moreover, the prosecutor's knowing use of perjured testimony violates the due process clause of the Fourteenth Amendment to the United States Constitution. *Ex parte Castellano*, 863 S.W.2d 476, 479 (Tex.Crim.App. 1993). However, in carefully reviewing the instant case, we find nothing to establish that testimony relating to an essential element of the offense was actually false. What was demonstrated by the record, is a disagreement between two State witnesses, as to whether a telephone call took place regarding a State's exhibit. One witness, Officer Bellows, openly admits that the conversation took place, while disavowing any knowledge of the invocation

of the Rule. Rafael Tamez, the toxicologist with the El Paso Police Department, for reasons unknown, simply denies that any conversation ever took place. Nonetheless, we find the testimony to be a disagreement on a collateral issue. Disagreements in testimony do not constitute the use of perjured testimony. *Tucker v. State*, 15 S.W.3d 229, 234 (Tex.App.—Houston [14th Dist.] 2000, pet. ref'd). Furthermore, even if there is a finding of perjured testimony, a due process violation will be said to exist only if the complained-of testimony is material. *Ex parte Castellano*, 863 S.W.2d at 485. While we find that the complained-of testimony was collateral, we note and condemn the actions of the Assistant District Attorney in facilitating the telephone conversation between the two State witnesses, knowing the Rule had been invoked. To make matters worse, the Assistant District Attorney, in response, suggested that no misconduct has occurred. Nonetheless, the trial judge summarily fined the sum of $100 for his conduct.

As noted above, the chain-of-custody form in question was not essential to the admission in evidence of the syringe, given the identification of the actual physical evidence and test results. Accordingly, Issue No. Two is overruled.

Having overruled each of Appellant's issues on review, we affirm the judgment of the trial court.