02-10-134-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00134-CR

 

 


 
 
 William Edward Marchbanks
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

 

FROM Criminal
District Court No. 1 OF Tarrant COUNTY

----------

 

OPINION

----------

 

          In
two points, appellant William Edward Marchbanks appeals his convictions for
aggravated assault against a public servant and aggravated robbery.[1] 
We affirm.

Background
Facts

          One
afternoon in August 2009, Richland Hills Police Department Officer Zachary Gibson
was working at a Dillard’s department store.[2]  Gibson saw appellant
take two stacks of shirts off a display in the men’s department and run outside
the store.  Gibson, who was in uniform, identified himself as a police officer
and ran toward appellant as appellant entered into his car.  Appellant shut his
driver’s side door, but his window was down, so Gibson grabbed appellant’s
shirt, told him to get out of the car, and tried to pull him out.  Appellant
did not get out of the car; instead, he revved his motor, placed the car in the
forward gear, and quickly accelerated while Gibson was hanging out of the
window.  Gibson told appellant, “Stop the car.  You’re going to kill me.” 
Eventually, another car hit appellant’s car, which threw Gibson off of the car,
injuring him.  Other police officers stopped appellant, found the shirts he had
stolen (valued at $849.83), and arrested him.

          A
grand jury indicted appellant for aggravated assault against a public servant
and aggravated robbery.  Appellant pled not guilty to both offenses.  The jury
convicted him of both offenses and assessed his punishment at thirty-eight
years’ confinement for aggravated assault and thirty-five years’ confinement
for aggravated robbery.  The trial court sentenced appellant accordingly, and
he filed notice of this appeal.

Standard
of Review

          Both
of appellant’s points concern the trial court’s decisions to deny his motions
for mistrial.  We review a trial court’s denial of a motion for mistrial under
an abuse of discretion standard and must uphold the trial court’s ruling if it
was within the zone of reasonable disagreement.  Orr v. State, 306
S.W.3d 380, 403 (Tex. App.—Fort Worth 2010, no pet.) (citing Archie v. State,
221 S.W.3d 695, 699 (Tex. Crim. App. 2007)); see Ratliff v. State, 320
S.W.3d 857, 863 (Tex. App.—Fort Worth 2010, pet. ref’d); West v. State,
121 S.W.3d 95, 107 (Tex. App.—Fort Worth 2003, pet. ref’d) (explaining that we
are ordinarily deferential to a trial court’s decision to deny a motion for
mistrial).  Only in extreme circumstances, where the prejudice is incurable,
will a mistrial be required.  Orr, 306 S.W.3d at 403; see
Ratliff, 320 S.W.3d at 863.  A mistrial is appropriate only for a narrow
class of highly prejudicial and incurable errors and may be used to end trial
proceedings when the error is so prejudicial that expenditure of further time
and expense would be wasteful and futile.  Orr, 306 S.W.3d at 403
(citing Hawkins v. State, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004)); see
also Grotti v. State, 209 S.W.3d 747, 776 (Tex. App.—Fort Worth 2006) (“The
determination of whether a given error necessitates a mistrial must be made by
examining the particular facts of the case.”), aff’d, 273 S.W.3d 273
(Tex. Crim. App. 2008).

Denial
of First Motion for Mistrial

          In
his first point, appellant argues that the trial court abused its discretion by
denying the motion for mistrial that he made in the middle of the trial.  During
Gibson’s initial cross-examination by appellant’s counsel, he repeatedly denied
punching appellant while hanging out of appellant’s car; Gibson said that
appellant moved his head on his own and that there was “no haymaker by any
means.”  But after Gibson’s initial testimony concluded, during a lunch break,
the prosecutor listened to one of the videos that had been admitted into
evidence and heard Gibson say on the video that he had sucker punched
appellant.  After the prosecutor disclosed that fact to appellant’s counsel,
appellant requested a mistrial based on the State’s nondisclosure of exculpatory
evidence in advance of the trial court’s discovery deadline.  The trial court
denied appellant’s motion but allowed appellant to recall any witnesses to more
fully develop the issue.

          Before
resting its case, the State recalled Gibson.  He said that he did not remember
punching appellant.  But he did not deny punching appellant because he had said
that he did so on the day of appellant’s offenses.[3]

          Appellant
contends that the trial court should have granted a mistrial because the State violated
his right to due process by knowingly using perjured testimony from Gibson.  A
prosecutor’s knowing use of perjured testimony “violates the Due Process Clause
of the Fourteenth Amendment to the United States Constitution.”  Ex parte
Castellano, 863 S.W.2d 476, 479 (Tex. Crim. App. 1993); see also Napue
v. Illinois, 360 U.S. 264, 269, 79 S. Ct. 1173, 1177 (“The principle that a
State may not knowingly use false evidence, including false testimony, to
obtain a tainted conviction, implicit in any concept of ordered liberty, does
not cease to apply merely because the false testimony goes only to the
credibility of the witness.”).  “If the prosecution presents false testimony
which relates to an essential element of the offense, and fails to correct
its own testimony, then reversal will naturally follow.”[4] 
Onate v. State, 62 S.W.3d 208, 211 (Tex. App.—El Paso 2001, pet. ref’d)
(emphasis added); see Vasquez v. State, 67 S.W.3d 229, 239 (Tex.
Crim. App. 2002); Losada v. State, 721 S.W.2d 305, 311 (Tex. Crim. App.
1986) (“If the prosecution presents a false picture of the facts by failing
to correct its own testimony when it becomes apparent that the testimony was
false, then the conviction must be reversed.”) (emphasis added).

          Even
if we assume, for the sake of argument, that Gibson’s initial testimony that he
did not punch appellant qualifies as perjury,[5] the State thereafter
acted precisely according to what the authority cited above requires; it
corrected Gibson’s misstatement by informing appellant’s counsel about Gibson’s
recorded admission and recalling Gibson to account for the misstatement.  See Losada,
721 S.W.2d at 311.  Thus, we hold that the trial court did not abuse its
discretion by denying appellant’s motion for mistrial on the basis of the
State’s alleged use of perjured testimony.  See Orr, 306 S.W.3d at 403.

          Next,
appellant argues that the trial court should have granted a mistrial because the
State failed to timely disclose exculpatory evidence.  See Brady v. Maryland,
373 U.S. 83, 87, 83 S. Ct. 1194, 1196–97 (1963).  As we have explained,

          Under Brady, in order to ensure the
accused a fair trial, a prosecutor has an affirmative duty under the Due
Process Clause of the Fourteenth Amendment to turn over to the accused all
exculpatory or impeachment evidence, irrespective of the good faith or bad
faith of the prosecution, which is favorable to the defendant and is material
to either guilt or punishment.  This duty attaches as soon as the information
comes into the prosecutor’s possession, with or without a request from the
defense for such evidence, and the information must be disclosed to the accused
in time to put it to effective use at trial.

          A due process violation occurs if:  (1) the
prosecutor fails to disclose evidence; (2) the evidence is favorable to the
defendant; and (3) the evidence is material.  Favorable evidence is “material”
if there is a reasonable probability that, had the evidence been disclosed to
the defense, the result of the proceeding would have been different.

Franks
v. State, 90 S.W.3d 771, 796 (Tex. App.—Fort Worth 2002, no pet.)
(citations omitted); see Hampton v. State, 86 S.W.3d 603, 612 (Tex.
Crim. App. 2002); Proctor v. State, 319 S.W.3d 175, 184 (Tex. App.—Houston
[1st Dist.] 2010, no pet.).

          Before
appellant’s trial began, the State gave appellant’s counsel copies of videos
related to the altercation between appellant and Gibson, including the video
that contained Gibson’s admission that he had punched appellant.  If
appellant’s counsel did not learn about Gibson’s admission upon receiving the
videos, he became aware of it during the middle of the trial, at a time in
which he could (and did) question Gibson about it and use it extensively during
his closing jury argument.  “If the defendant received [favorable evidence] in
time to use it effectively at trial, his conviction should not be reversed just
because it was not disclosed as early as it might have and should have been.”  Little
v. State, 991 S.W.2d 864, 866 (Tex. Crim. App. 1999); see Juarez v.
State, 439 S.W.2d 346, 348 (Tex. Crim. App. 1969); State v. DeLeon,
971 S.W.2d 701, 706 (Tex. App.—Amarillo 1998, pet. ref’d) (“[T]here is no Brady
violation if the defendant receives the evidence in time to put it to effective
use.”); Givens v. State, 749 S.W.2d 954, 957 (Tex. App.—Fort Worth 1988,
pet. ref’d).

          Appellant
does not argue that he would have used Gibson’s admission differently or more
effectively had he known about it sooner.  He asserts, however, that the
State’s express disclosure of appellant’s admission came “so late that the
disclosure and subsequent recall of Gibson could not dispel the images already
placed in the jury’s mind from his earlier testimony” and that this problem was
“compounded by the [p]rosecutor in jury argument telling the jury that the
impeaching evidence was not true.”

          The
record does not support this argument.  After appellant’s counsel learned of
Gibson’s recorded admission, counsel spent the majority of the remainder of the
guilt phase of the trial focusing on whether Gibson punched appellant and
whether that fact contradicted Gibson’s original testimony.[6] 
During the State’s closing argument, it conceded that Gibson’s admission of
punching appellant had occurred, stating,

[W]e can no more stand before you and say that Officer
Gibson never said anything about a sucker punch any more than the defense can
get up here and say that the defendant didn’t commit aggravated robbery or
aggravated assault on a public servant, because guess what, both of those are
on video.  It is what it is.

In
the remainder of the State’s argument, it did not expressly contend that the
punch had not occurred; instead, it argued that the punch was irrelevant to the
jury’s consideration of appellant’s guilt.[7]

          For
all of these reasons, we hold that the trial court did not abuse its discretion
by denying appellant’s motion for mistrial based on an alleged Brady
violation.  We overrule appellant’s first point.

Denial
of Second Motion for Mistrial

          In
his second point, appellant contends that the trial court abused its discretion
by denying his motion for mistrial because of an allegedly improper jury
argument by the State.  Appellant’s trial counsel spent the majority of his
closing argument discussing Gibson’s inconsistent testimony about punching
appellant.[8]  After appellant’s
counsel concluded the argument, the State contended in its final jury argument that
appellant was using a “smoke screen” by talking about Gibson’s acts rather than
appellant’s offenses.  The prosecutor said, “What the defense is doing is what
we call jury nullification.”  Appellant’s counsel objected, stating, “It’s
outside the record.  There is no definition of that.”  The trial court
sustained the objection and instructed the jury to disregard the argument, but the
trial court denied appellant’s motion for mistrial.

          To
be permissible, the State’s jury argument must fall within one of the following
four general areas:  (1) summation
of the evidence, (2) reasonable deduction from the evidence, (3) answer to
argument of opposing counsel, or (4) plea for law enforcement.  Felder v.
State, 848 S.W.2d 85, 94–95 (Tex. Crim. App. 1992), cert. denied,
510 U.S. 829 (1993); Alejandro v. State, 493 S.W.2d 230, 231 (Tex. Crim.
App. 1973).  Appellant contends on appeal that the State’s “jury nullification”
argument was improper because it (1) was not a proper response to his counsel’s
argument, (2) attempted to “accuse defense counsel of improper conduct and in
so doing was striking at the accused over and through the shoulders of his
counsel,” (3) denied him a fair trial by “imputing a false motive to defense
counsel’s argument,” and (4) was “designed to and did deprive” appellant of
constitutional and statutory protections.  These contentions, however, do not
match the objection at trial, which was that “jury nullification” was undefined
and that the State’s argument was “outside the record.”

          To
preserve a complaint for our review, a party must have presented to the trial
court a timely request, objection, or motion that states the specific grounds
for the desired ruling if they are not apparent from the context of the
request, objection, or motion.  Tex. R. App. P. 33.1(a)(1); Layton v. State,
280 S.W.3d 235, 238–39 (Tex. Crim. App. 2009).  Further, the trial court must
have ruled on the request, objection, or motion, either expressly or
implicitly, or the complaining party must have objected to the trial court’s
refusal to rule.  Tex. R. App. P. 33.1(a)(2); Mendez v. State, 138
S.W.3d 334, 341 (Tex. Crim. App. 2004).  A reviewing court should not address
the merits of an issue that has not been preserved for appeal.  Ford v.
State, 305 S.W.3d 530, 532 (Tex. Crim. App. 2009).  An objection preserves
only the specific ground cited.  Tex. R. App. P. 33.1(a)(1)(A); Lugo v.
State, 299 S.W.3d 445, 450 (Tex. App.—Fort Worth 2009, pet. ref’d) (citing Heidelberg
v. State, 144 S.W.3d 535, 537 (Tex. Crim. App. 2004)).

          The
requirement that a trial objection comport to a complaint on appeal applies to
jury argument points.  See Turner v. State, 87 S.W.3d 111, 117 (Tex.
Crim. App. 2002), cert. denied, 538 U.S. 965 (2003); Coffey v.
State, 796 S.W.2d 175, 179–80 (Tex. Crim. App. 1990); Bouchillon v.
State, 540 S.W.2d 319, 322 (Tex. Crim. App. 1976) (holding that a
contention on appeal that the State’s jury argument commented on a defendant’s
failure to testify was forfeited because at trial the defendant objected on the
ground that the argument was “outside the record”); Curiel v. State, 243
S.W.3d 10, 19 (Tex. App.—Houston [1st Dist.] 2007, pet. ref’d) (“At trial,
appellant objected on the grounds that the State’s argument improperly shifted
the burden of proof; here, he contends that the State improperly commented on
post-arrest silence. . . .  [A]ny error is waived.”).  Because appellant’s
trial objection to the State’s jury argument is inconsistent with his
complaints on appeal, we hold that he forfeited his second point, and we
overrule the point.

Conclusion

          Having
overruled both of appellant’s points, we affirm the trial court’s judgments.

 

CHARLES BLEIL
JUSTICE

 

PANEL:  GARDNER and MCCOY, JJ.; and CHARLES
BLEIL (Senior Justice, Retired, Sitting by Assignment).

 

PUBLISH

 

DELIVERED:  May 5, 2011









[1]See Tex. Penal Code
Ann. § 22.02(a)(2), (b)(2)(B) (Vernon Supp. 2010), § 29.03(a)(2) (Vernon 2003).





[2]Gibson worked for the Fort
Worth Police Department at the time of the trial.





[3]When the State asked
Gibson why he did not remember punching appellant, he said, “I don’t remember a
whole lot once the whole incident took place, once the adrenaline kicked in . .
. .”  Later, he said, “If I stated [that I punched appellant], then I did.  I’m
not denying that.”





[4]In some circumstances, a
witness’s perjury may be imputed to a prosecutor who lacks actual knowledge of
the testimony’s falsity.  See Castellano, 863 S.W.2d at 480–81
& n.3; Ex parte Adams, 768 S.W.2d 281, 291–92 (Tex. Crim. App.
1989); Page v. State, 7 S.W.3d 202, 208 (Tex. App.—Fort Worth 1999, pet.
ref’d) (explaining that a police officer’s knowledge may be imputed to a
prosecutor).





[5]A witness does not commit
perjury by testifying falsely because of a reasonable mistake, such as faulty
memory.  See Tex. Pen. Code Ann. § 37.02 (Vernon 2003) (requiring an
intent to deceive to sustain a perjury conviction); De La Paz v. State,
279 S.W.3d 336, 344 (Tex. Crim. App. 2009) (explaining that perjury does not
occur when a witness honestly but mistakenly believes a statement to be true
when made).





[6]Appellant’s only witness,
who enhanced the video of the altercation between appellant and Gibson,
testified for the sole purpose of establishing that appellant’s head movement
corresponded with Gibson’s arm entering appellant’s car.





[7]The prosecutor said, 

          So let’s just assume for the
sake of argument that Officer Gibson did hit him.  The 12 of you go back there,
and you-all agree he hit him.  So what?  What does that have to do with the
elements of the offense that are in this indictment, that are in this Court’s
charge that have to be proven?  Nothing.





          [8]Appellant’s counsel said in
part,

You are judging the evidence in this case, so based upon
what you saw, how it went down, how he had to be brought back, would you buy a
used car from [Gibson]? . . .

          . . . .

          I think with all due respect, he’s young enough
to learn a lesson, and he needs to learn a lesson now before he’s on patrol in
the City of Fort Worth.  I think the lesson he needs to learn and the message
you need to send is you got -- you got to tell the truth. . . .