

# COURT OF APPEALS

**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

### NO. 02-11-00356-CR

| | | |
|---|---|---|
| Bobby Jack Nichols | § | From County Criminal Court No. 10 |
| | § | of Tarrant County (1239528) |
| v. | § | November 8, 2012 |
| | § | Per Curiam |
| The State of Texas | § | (nfp) |

## JUDGMENT

This court has considered the record on appeal in this case and holds that there was no error in the trial court's judgment. It is ordered that the judgment of the trial court is affirmed.

SECOND DISTRICT COURT OF APPEALS

PER CURIAM



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-11-00356-CR

BOBBY JACK NICHOLS                                                    APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

----------

## FROM COUNTY CRIMINAL COURT NO. 10 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Bobby Jack Nichols appeals his conviction for prostitution.[2] In four points, he contends that the evidence is insufficient to support his conviction, that the trial court erred by denying his request for a jury instruction on entrapment, and that the trial court abused its discretion by denying his two motions for mistrial. We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

[2]*See* Tex. Penal Code Ann. § 43.02(a)(1) (West Supp. 2012).

2

## Background Facts

One afternoon in May 2011, Fort Worth Police Department Officer Jennifer Bell, who works with the department's vice unit, was undercover as a prostitution decoy in an area that was known for prostitution activity. While she was standing on a street corner, she saw appellant drive past her, circle the block, and come to a stop across the street from her. Appellant tapped on his car horn, and "his window was down so [Officer Bell] walked up to him" and leaned near his window. Officer Bell asked appellant how he was doing, and he said that he was doing okay. Officer Bell then asked appellant what he was looking for, and appellant said, "I don't want to talk unless you get in my truck, so get in." Officer Bell told appellant that she did not want to get into his vehicle unless she knew for sure that she was going to get paid. Appellant, who was nervous, responded that he did not want to "talk about anything" at that point. Officer Bell then said, "[W]ell it's your loss, Honey. I promise you it's amazing!"

When Officer Bell began to turn away from appellant, he told her to come back, and she asked him, "[Do] [y]ou want me to blow you?"[3] Appellant said, "Yeah." Officer Bell asked, "Twenty bucks?" Appellant responded, "Ok." Officer Bell then asked, "Yeah? So I'll blow you for twenty bucks?" Appellant said, "Yeah, get in." Officer Bell told appellant to drive down the street and said that

---

[3]Officer Bell testified at trial that "blow" is slang for oral sex.

she would meet him over there. He indicated that he would do so, but as he began to drive off, the police stopped him and arrested him.

The State charged appellant with prostitution, alleging that he knowingly offered or agreed to engage in sexual conduct with Officer Bell for a fee. The trial court appointed counsel to represent appellant, and appellant pled not guilty. At trial, a jury convicted appellant and assessed his punishment at thirty days' confinement. The trial court sentenced him accordingly, and he brought this appeal.

## Evidentiary Sufficiency

In his first point, appellant contends that the evidence is insufficient to sustain his conviction. In our review of the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Isassi*, 330 S.W.3d at 638.

The trier of fact is the sole judge of the weight and credibility of the evidence. *See* Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979); *Brown v. State*, 270 S.W.3d 564, 568 (Tex. Crim. App. 2008), *cert. denied*, 129 S. Ct. 2075

4

(2009). Thus, when performing a review of the sufficiency of the evidence, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the factfinder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). Instead, we determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict. *Hooper v. State*, 214 S.W.3d 9, 16–17 (Tex. Crim. App. 2007).

A person commits prostitution by knowingly offering or agreeing to engage in sexual conduct by receiving or paying a fee. Tex. Penal Code Ann. § 43.02(a)(1), (b). Sexual conduct includes oral sex. *Id.* § 43.01(1), (4) (West 2011).

Appellant contends that the conversation that he had with Officer Bell was insufficient to show that he agreed to engage in oral sex for a fee. He argues that the State was required to show that he said "[s]omething more than 'yeah'" to prove an agreement, essentially claiming that such statements are ambiguous and cannot be construed as acceptance of Officer Bell's offer.

Officer Bell testified that in the conversation she had with appellant, she offered more than once to "blow" appellant for twenty dollars. Each time, appellant answered with "Yeah" or "Ok." Specifically, Officer Bell asked, "So I'll blow you for twenty bucks?" Appellant replied, "Yeah, get in." Appellant then confirmed his agreement with Officer Bell by following her instruction to meet her around the corner.

Viewing this evidence in the light most favorable to appellant's conviction, a rational jury could have determined beyond a reasonable doubt that Officer Bell's testimony was sufficient to support appellant's conviction for prostitution on the basis that he agreed to engage in sexual conduct for a fee. *See* Tex. Penal Code Ann. § 43.02(a)(1); *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Isassi*, 330 S.W.3d at 638. While appellant argues that his replies of "Yeah" and "Ok" could have meant something other than an agreement with Officer Bell's terms, in resolving a complaint about evidentiary sufficiency, we must presume that the factfinder resolved any conflicting inferences in favor of the verdict and defer to that resolution. *Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793; *Isassi*, 330 S.W.3d at 638. Furthermore, for the evidence to be sufficient, "the State need not disprove all reasonable alternative hypotheses that are inconsistent with the defendant's guilt." *Wise v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012). It was rational for the jury to infer that appellant's answers of "Yeah," "Ok," and "Yeah, get in" were given to accept Officer Bell's proposition. *See Cowan v. State*, No. 02-03-00193-CR, 2004 WL 393262, at *1 (Tex. App.—Fort Worth Mar. 4, 2004, no pet.) (mem. op., not designated for publication) (holding that the prostitution statute does not require "protracted negotiations").

Appellant also notes that Officer Bell's testimony was not corroborated by other officers, but the jury could have justifiably based its conviction on the uncorroborated testimony of a single officer. *See Hartman v. State*, 198 S.W.3d 829, 835 (Tex. App.—Corpus Christi 2006, pet. struck).

6

We hold that the evidence is sufficient to support appellant's conviction, and we overrule his first point.

## The Denial of an Entrapment Instruction

In his second point, appellant contends that the trial court erred by denying his request for a jury instruction on the defense of entrapment. After Officer Bell testified and the State rested, appellant's counsel requested an instruction on entrapment. The trial court denied this request. On appeal, to argue that the entrapment instruction should have been given, appellant contends, "[T]he police conduct . . . was outrageous. Entrapment was thus shown."

In our review of a jury charge, we first determine whether error occurred; if error did not occur, our analysis ends. *See Abdnor v. State*, 871 S.W.2d 726, 731–32 (Tex. Crim. App. 1994); *see also Sakil v. State*, 287 S.W.3d 23, 25–26 (Tex. Crim. App. 2009). It is a defense to prosecution that the defendant "engaged in the conduct charged because he was induced to do so by a law enforcement agent using persuasion or other means likely to cause persons to commit the offense. Conduct merely affording a person an opportunity to commit an offense does not constitute entrapment." Tex. Penal Code Ann. § 8.06(a) (West 2011). A defendant "has the right to an instruction on any defensive issue raised by the evidence, whether such evidence is strong or weak, unimpeached or contradicted, and regardless of what the trial court may or may not think about the credibility of this evidence." *Walker v. State*, 300 S.W.3d 836, 847 (Tex. App.—Fort Worth 2009, pet. ref'd).

7

Among other facts, to raise an entrapment defense, a defendant must produce evidence that the police's persuasion was "such as to cause an ordinary law-abiding person of average resistance nevertheless to commit the offense." *Hernandez v. State*, 161 S.W.3d 491, 497 & n.11 (Tex. Crim. App. 2005) (quoting *England v. State*, 887 S.W.2d 902, 914 (Tex. Crim. App. 1994)). In this objective component of entrapment, the amount of persuasion needed to induce an ordinary law-abiding person of average resistance who is not predisposed to commit the offense "will vary from case to case. Affirmative findings of objective inducement are generally limited to outrageous law enforcement actions occurring in instances of the rarest and most egregious government misconduct." *Barnes v. State*, 70 S.W.3d 294, 307 (Tex. App.—Fort Worth 2002, pet. ref'd) (citations omitted). Prohibited police conduct that would induce an otherwise law-abiding person to commit an offense may include "pleas based on extreme need, sympathy, pity, or close personal friendship[;] offers of inordinate sums of money[;] and other methods of persuasion that are likely to cause the otherwise unwilling person—rather than the ready, willing and anxious person—to commit an offense." *Hernandez*, 161 S.W.3d at 497 n.11. Objective inducement to commit a crime occurs only when police tactics rise to the level of "active and overt persuasion, more than mere temptation." *England*, 887 S.W.2d at 911.

Appellant contends that Officer Bell's conduct was "outrageous" but does not provide analysis to support that position. From Officer Bell's testimony, we cannot discern that any of her actions were likely to cause an unwilling, ordinarily

8

law-abiding person to commit prostitution. The evidence demonstrates that Officer Bell approached appellant only after he had entered an area known for prostitution activity and had "tapped his horn" to get her attention. At that point, Officer Bell simply asked appellant what he was looking for when he instructed her to "get in" his truck. This command from appellant could have indicated to Officer Bell that appellant was ready and willing to engage in prostitution because Officer Bell testified that a prostitute's entering a prospective customer's car is a "standard practice." The remainder of Officer Bell's conversation with appellant discloses no egregious behavior that would have likely overcome the will of someone not otherwise seeking and willing to pay for services from a prostitute. Appellant never expressed indecision about engaging in prostitution; he only expressed reticence to do so without Officer Bell first entering his car. Once Officer Bell offered to "blow" appellant for $20, appellant readily accepted the offer without persuasion. *Cf. Baek v. State*, No. 07-99-00243-CR, 2001 WL 238983, at *2 (Tex. App.—Amarillo Mar. 12, 2001, pet. dism'd) (not designated for publication) (holding that an entrapment defense was not raised when an officer "made a sexual request to which [the defendant] readily agreed").

The record reflects that Officer Bell's conduct merely afforded the opportunity to commit prostitution. *See* Tex. Penal Code Ann. § 8.06(a); *Swalwell v. State*, No. 14-94-00003-CR, 1996 WL 474099, at *2 (Tex. App.—Houston [14th Dist.] Aug. 22, 1996, no pet.) (not designated for publication) (holding that a trial court did not err by refusing to submit a jury charge on

9

entrapment when a defendant drove into an area known for prostitution, stopped his car, motioned for the undercover police officer to come near his car, and accepted the undercover officer's offer of oral sex for a fee).  Thus, we hold that the trial court did not err by refusing to include an instruction about entrapment in the jury charge under the requirements of that defense that we have described above, and we overrule appellant's second point.  *See Abdnor*, 871 S.W.2d at 731–32.

### The Denial of Appellant's Request for a Mistrial

In his third and fourth points, appellant contends that the trial court erred by refusing to grant a mistrial.  In the State's questioning of Officer Bell, the following colloquy occurred:

> Q.   Is [investigating prostitution] something that's important within the Fort Worth Police Department?
>
> A.   Absolutely.  Prostitution, in and of itself, as well as the other crimes that I mentioned, such as gambling . . . , minors in possession, things like that; but all of them, especially prostitution, are crimes that lead to other things other than just a moral issue --
>
> [DEFENSE COUNSEL]:   Objection to that; it's speculation. She's qualified as an expert as to what crime prostitution --
>
> THE COURT:  All right.  I'll sustain the objection.
>
> [DEFENSE COUNSEL]:  Ask that the jury –
>
> THE COURT:  The jury will disregard.
>
> [DEFENSE COUNSEL]:  -- move for a mistrial.
>
> THE COURT:  Denied.

10

Q. . . . Why is that -- why is it that you are assigned to that unit?

. . . .

A. Prostitution, in and of itself -- most of the people involved in those activities are -- they are not just for the sex acts for money; it's drug deals, a lot of robberies happen, sexual assaults happen --

[DEFENSE COUNSEL]: I'm going to object to talking about drug deals and everything else. There's no --

THE COURT: Just make a legal objection.

[DEFENSE COUNSEL]: I object to her testifying about drug deals without any evidence.

THE COURT: [Your] objection is relevance?

[DEFENSE COUNSEL]: Relevance.

THE COURT: Sustained.

. . . .

[DEFENSE COUNSEL]: -- move for mistrial.[4]

On appeal, appellant contends that Officer Bell's testimony about other crimes related to prostitution inflamed the jury against him and deprived him of a fair trial. We review a trial court's denial of a motion for mistrial for an abuse of discretion. *Archie v. State*, 340 S.W.3d 734, 738–39 (Tex. Crim. App. 2011); *Ocon v. State*, 284 S.W.3d 880, 884 (Tex. Crim. App. 2009). We view the evidence in the light most favorable to the trial court's ruling. *Ocon*, 284 S.W.3d at 884. We will uphold the ruling if it was within the zone of reasonable

---

[4]The trial court did not rule on this second request for a mistrial.

11

disagreement. *Id.*; *West v. State*, 121 S.W.3d 95, 107 (Tex. App.—Fort Worth 2003, pet. ref'd) (explaining that we are ordinarily deferential to a trial court's denial of a motion for mistrial).

A mistrial is an appropriate remedy only in extreme circumstances for a narrow class of highly prejudicial and incurable errors. *Ocon*, 284 S.W.3d at 884; *Marchbanks v. State*, 341 S.W.3d 559, 561–62 (Tex. App.—Fort Worth 2011, no pet.) (explaining that a mistrial is appropriate when "the error is so prejudicial that expenditure of further time and expense would be wasteful and futile")*.* Because it is an extreme remedy, a mistrial should be granted only when less drastic alternatives are insufficient to cure the harm and residual prejudice remains. *Ocon*, 284 S.W.3d at 884–85. A trial court's prompt instruction is generally considered sufficient to cure improprieties that occur during trial, and we generally presume that a jury follows the trial court's instructions. *Gamboa v. State*, 296 S.W.3d 574, 580 (Tex. Crim. App. 2009).

We conclude that the trial court did not abuse its discretion by implicitly determining that Officer Bell's testimony quoted above was not so extreme and incurable that the jury could not ignore it and instead could fairly examine the evidence in arriving at a verdict. *See id.* Appellant argues that the fact that his objections to the officer's testimony were sustained proves that the testimony was harmful and that such testimony impacted the jury's deliberations, entitling him to a mistrial. But showing that the statements were inadmissible is not enough; there must be evidence that the harm was so great that the trial court's

12

instructions to disregard the statements could not have cured the harm.  *See Ocon*, 284 S.W.3d at 884–85.

For both statements, appellant asked the trial court to instruct the jury to disregard, and the trial court immediately gave the instructions.  Appellant has not pointed to anything indicating that the harm, if any, created by either statement, or both statements taken together, was so much that it could not have been remedied by the trial court's instructions to disregard.  Further, there is no indication from the record that the jury ignored the trial court's instructions or that the testimony impacted the jury's verdict.  The evidence of appellant's guilt was strong, and the State did not refer to the testimony during its closing argument on appellant's guilt.[5]

Moreover, while Officer Bell testified about how other crimes link to prostitution generally, she did not attempt to link appellant to those other crimes. *Cf. Young v. State*, 283 S.W.3d 854, 878 (Tex. Crim. App.) ("We discern no abuse of discretion in the trial court's denial of a mistrial.  The testimony in issue

---

[5]After the jury convicted appellant, during the State's closing argument on his punishment, the prosecutor said, "We know, through our reason and deduction, what types of things take place when you're dealing with prostitution. You got drugs.  We heard, you know, sometimes you get involved in underage females getting involved in prostitution; could lead to a lot worse crimes." Appellant did not object to this argument.  And despite the argument, appellant received thirty days' confinement, which was the minimum sentence allowable for his offense considering that he had pled true to a prior misdemeanor conviction. *See* Tex. Penal Code Ann. § 12.43(b)(2) (West 2011).

13

did not actually assert that the appellant stole the weapon or that he knew it was stolen."), *cert. denied*, 130 S. Ct. 1015 (2009).

Finally, although appellant asserts that the jury was inflamed when it learned through Officer Bell's testimony that other crimes could be linked with prostitution, the theme of Officer Bell's objected-to testimony only repeated what each jury member had heard earlier that day. During voir dire, a juror stated that she did not like "the things that prostitution seems to drag with it, and that's drugs and other crimes that tend to go around with it."

We hold that the trial court did not abuse its discretion by refusing to grant a mistrial. *See Ocon*, 284 S.W.3d at 884. We overrule appellant's third and fourth points.

## Conclusion

Having overruled all of appellant's points, we affirm the trial court's judgment.

PER CURIAM

PANEL: LIVINGSTON, C.J.; GARDNER and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: November 8, 2012