02-11-356-CR













 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00356-CR

 

 


 
 
 Bobby Jack Nichols
  
  
  
 v.
  
  
  
 The State of Texas
 
 
 §
  
 §
  
 §
  
 §
  
 §
 
 
 From County Criminal Court No. 10
  
 of
 Tarrant County (1239528)
  
 November
 8, 2012
  
 Per Curiam
  
 (nfp)
 
 


 

JUDGMENT

 

          This court has considered the record
on appeal in this case and holds that there was no error in the trial court’s
judgment.  It is ordered that the
judgment of the trial court is affirmed. 

 

SECOND DISTRICT
COURT OF APPEALS 

 

 

 

PER CURIAM

 



 

 

 

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

 

NO. 02-11-00356-CR

 

 


 
 
 Bobby Jack Nichols
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM County Criminal Court No. 10 OF Tarrant
COUNTY

----------

MEMORANDUM
OPINION[1]

----------

Appellant
Bobby Jack Nichols appeals his conviction for prostitution.[2]  In four points, he contends that the
evidence is insufficient to support his conviction, that the trial court erred by
denying his request for a jury instruction on entrapment, and that the trial
court abused its discretion by denying his two motions for mistrial.  We affirm.

Background Facts

          One afternoon in May 2011, Fort Worth
Police Department Officer Jennifer Bell, who works with the department’s vice
unit, was undercover as a prostitution decoy in an area that was known for
prostitution activity.  While she was
standing on a street corner, she saw appellant drive past her, circle the
block, and come to a stop across the street from her.  Appellant tapped on his car horn, and “his
window was down so [Officer Bell] walked up to him” and leaned near his
window.  Officer Bell asked appellant how
he was doing, and he said that he was doing okay.  Officer Bell then asked appellant what he was
looking for, and appellant said, “I don’t want to talk unless you get in my
truck, so get in.”  Officer Bell told
appellant that she did not want to get into his vehicle unless she knew for
sure that she was going to get paid. 
Appellant, who was nervous, responded that he did not want to “talk
about anything” at that point.  Officer
Bell then said, “[W]ell it’s your loss, Honey. 
I promise you it’s amazing!”

          When Officer Bell began to turn away
from appellant, he told her to come back, and she asked him, “[Do] [y]ou want
me to blow you?”[3]  Appellant said, “Yeah.”  Officer Bell asked, “Twenty bucks?”  Appellant responded, “Ok.”  Officer Bell then asked, “Yeah?  So I’ll blow you for twenty bucks?”  Appellant said, “Yeah, get in.”  Officer Bell told appellant to drive down the
street and said that she would meet him over there.  He indicated that he would do so, but as he
began to drive off, the police stopped him and arrested him.

The
State charged appellant with prostitution, alleging that he knowingly offered
or agreed to engage in sexual conduct with Officer Bell for a fee.  The trial court appointed counsel to represent
appellant, and appellant pled not guilty. 
At trial, a jury convicted appellant and assessed his punishment at thirty
days’ confinement.  The trial court
sentenced him accordingly, and he brought this appeal.

Evidentiary Sufficiency

In
his first point, appellant contends that the evidence is insufficient to sustain
his conviction.  In our review of the
sufficiency of the evidence to support a conviction, we view all of the
evidence in the light most favorable to the verdict to determine whether any
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Isassi v. State, 330 S.W.3d 633, 638
(Tex. Crim. App. 2010).  This standard
gives full play to the responsibility of the trier of fact to resolve conflicts
in the testimony, to weigh the evidence, and to draw reasonable inferences from
basic facts to ultimate facts.  Jackson,
443 U.S. at 319, 99 S. Ct. at 2789; Isassi, 330 S.W.3d at 638.

The
trier of fact is the sole judge of the weight and credibility of the
evidence.  See Tex. Code Crim.
Proc. Ann. art. 38.04 (West 1979); Brown v. State, 270 S.W.3d 564, 568
(Tex. Crim. App. 2008), cert. denied, 129 S. Ct. 2075 (2009).  Thus, when performing a review of the
sufficiency of the evidence, we may not re-evaluate the weight and credibility
of the evidence and substitute our judgment for that of the factfinder.  Williams
v. State, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).  Instead, we determine whether the necessary
inferences are reasonable based upon the combined and cumulative force of all
the evidence when viewed in the light most favorable to the verdict.  Hooper v. State, 214 S.W.3d 9, 16–17
(Tex. Crim. App. 2007).

            A person commits
prostitution by knowingly offering or agreeing to engage in sexual conduct by
receiving or paying a fee.  Tex. Penal
Code Ann. § 43.02(a)(1), (b).  Sexual conduct includes oral sex.  Id.
§ 43.01(1), (4) (West 2011).

          Appellant contends that the
conversation that he had with Officer Bell was insufficient to show that he
agreed to engage in oral sex for a fee.  He
argues that the State was required to show that he said “[s]omething more than
‘yeah’” to prove an agreement, essentially claiming that such statements are
ambiguous and cannot be construed as acceptance of Officer Bell’s offer.

          Officer Bell testified that in the
conversation she had with appellant, she offered more than once to “blow” appellant
for twenty dollars.  Each time, appellant
answered with “Yeah” or “Ok.”  Specifically,
Officer Bell asked, “So I’ll blow you for twenty bucks?”  Appellant replied, “Yeah, get in.”  Appellant then confirmed his agreement with
Officer Bell by following her instruction to meet her around the corner.

          Viewing this evidence in the light
most favorable to appellant’s conviction, a rational jury could have determined
beyond a reasonable doubt that Officer Bell’s testimony was sufficient to
support appellant’s conviction for prostitution on the basis that he agreed to
engage in sexual conduct for a fee.  See Tex. Penal Code Ann.
§ 43.02(a)(1); Jackson, 443 U.S. at 319, 99 S. Ct. at 2789; Isassi, 330 S.W.3d at 638.  While appellant argues that his replies of “Yeah”
and “Ok” could have meant something other than an agreement with Officer Bell’s
terms, in resolving a complaint about evidentiary sufficiency, we must presume
that the factfinder resolved any conflicting inferences in favor of the verdict
and defer to that resolution.  Jackson,
443 U.S. at 326, 99 S. Ct. at 2793; Isassi, 330 S.W.3d at 638.  Furthermore, for the evidence to be
sufficient, “the State need not disprove all reasonable alternative hypotheses
that are inconsistent with the defendant’s guilt.”  Wise v.
State, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012).  It was rational for the jury to infer that
appellant’s answers of “Yeah,” “Ok,” and “Yeah, get in” were given to accept Officer
Bell’s proposition.  See Cowan v. State, No. 02-03-00193-CR,
2004 WL 393262, at *1 (Tex. App.—Fort Worth Mar. 4, 2004, no pet.) (mem.
op., not designated for publication) (holding that the prostitution statute
does not require “protracted negotiations”).

Appellant
also notes that Officer Bell’s testimony was not corroborated by other
officers, but the jury could have justifiably based its conviction on the uncorroborated
testimony of a single officer.  See Hartman v. State, 198 S.W.3d 829,
835 (Tex. App.—Corpus Christi 2006, pet. struck).

          We hold that the evidence is sufficient
to support appellant’s conviction, and we overrule his first point.

The Denial of an Entrapment Instruction

          In his second point, appellant
contends that the trial court erred by denying his request for a jury
instruction on the defense of entrapment. 
After Officer Bell testified and the State rested, appellant’s counsel
requested an instruction on entrapment.  The
trial court denied this request.  On
appeal, to argue that the entrapment instruction should have been given,
appellant contends, “[T]he police conduct . . . was
outrageous.  Entrapment was thus shown.”

          In our review of a jury charge, we
first determine whether error occurred; if error did not occur, our analysis
ends.  See Abdnor v. State, 871 S.W.2d 726, 731–32 (Tex. Crim. App. 1994);
see also Sakil v. State, 287 S.W.3d
23, 25–26 (Tex. Crim. App. 2009).  It is
a defense to prosecution that the defendant “engaged in the conduct charged
because he was induced to do so by a law enforcement agent using persuasion or
other means likely to cause persons to commit the offense.  Conduct merely affording a person an
opportunity to commit an offense does not constitute entrapment.”  Tex. Penal Code Ann. § 8.06(a) (West 2011).  A defendant “has the right to an instruction
on any defensive issue raised by the evidence, whether such evidence is strong
or weak, unimpeached or contradicted, and regardless of what the trial court
may or may not think about the credibility of this evidence.”  Walker
v. State, 300 S.W.3d 836, 847 (Tex. App.—Fort Worth 2009, pet. ref’d).

          Among other facts, to raise an
entrapment defense, a defendant must produce evidence that the police’s
persuasion was “such as to cause an ordinary law-abiding person of average
resistance nevertheless to commit the offense.” 
Hernandez v. State, 161 S.W.3d
491, 497 & n.11 (Tex. Crim. App. 2005) (quoting England v. State, 887 S.W.2d 902, 914 (Tex. Crim. App. 1994)).  In this objective component of entrapment, the
amount of persuasion needed to induce an ordinary law-abiding person of average
resistance who is not predisposed to commit the offense “will vary from case to
case.  Affirmative findings of objective
inducement are generally limited to outrageous law enforcement actions
occurring in instances of the rarest and most egregious government misconduct.”  Barnes
v. State, 70 S.W.3d 294, 307 (Tex. App.—Fort Worth 2002, pet. ref’d)
(citations omitted).  Prohibited police
conduct that would induce an otherwise law-abiding person to commit an offense
may include “pleas based on extreme need, sympathy, pity, or close personal
friendship[;] offers of inordinate sums of money[;] and other methods of
persuasion that are likely to cause the otherwise unwilling person—rather than
the ready, willing and anxious person—to commit an offense.”  Hernandez,
161 S.W.3d at 497 n.11.  Objective
inducement to commit a crime occurs only when police tactics rise to the level
of “active and overt persuasion, more than mere temptation.”  England,
887 S.W.2d at 911.

          Appellant contends that Officer Bell’s
conduct was “outrageous” but does not provide analysis to support that
position.  From Officer Bell’s testimony,
we cannot discern that any of her actions were likely to cause an unwilling,
ordinarily law-abiding person to commit prostitution.  The evidence demonstrates that Officer Bell
approached appellant only after he had entered an area known for prostitution
activity and had “tapped his horn” to get her attention.  At that point, Officer Bell simply asked
appellant what he was looking for when he instructed her to “get in” his truck.  This command from appellant could have
indicated to Officer Bell that appellant was ready and willing to engage in
prostitution because Officer Bell testified that a prostitute’s entering a
prospective customer’s car is a “standard practice.”  The remainder of Officer Bell’s conversation
with appellant discloses no egregious behavior that would have likely overcome
the will of someone not otherwise seeking and willing to pay for services from
a prostitute.  Appellant never expressed
indecision about engaging in prostitution; he only expressed reticence to do so
without Officer Bell first entering his car. 
Once Officer Bell offered to “blow” appellant for $20, appellant readily
accepted the offer without persuasion.  Cf. Baek v. State, No. 07-99-00243-CR,
2001 WL 238983, at *2 (Tex. App.—Amarillo Mar. 12, 2001, pet. dism’d) (not
designated for publication) (holding that an entrapment defense was not raised
when an officer “made a sexual request to which [the defendant] readily agreed”).

          The record reflects that Officer
Bell’s conduct merely afforded the opportunity to commit prostitution.  See
Tex. Penal Code Ann. § 8.06(a); Swalwell
v. State, No. 14-94-00003-CR, 1996 WL 474099, at *2 (Tex. App.—Houston
[14th Dist.] Aug. 22, 1996, no pet.) (not designated for publication) (holding
that a trial court did not err by refusing to submit a jury charge on
entrapment when a defendant drove into an area known for prostitution, stopped
his car, motioned for the undercover police officer to come near his car, and
accepted the undercover officer’s offer of oral sex for a fee).  Thus, we hold that the trial court did not
err by refusing to include an instruction about entrapment in the jury charge
under the requirements of that defense that we have described above, and we
overrule appellant’s second point.  See Abdnor, 871 S.W.2d at 731–32.

The Denial of Appellant’s Request for a
Mistrial

          In
his third and fourth points, appellant contends that the trial court erred by refusing
to grant a mistrial.  In the State’s
questioning of Officer Bell, the following colloquy occurred:

          Q.  Is [investigating prostitution] something
that’s important within the Fort Worth Police Department?

          A.  Absolutely. 
Prostitution, in and of itself, as well as the other crimes that I
mentioned, such as gambling . . . , minors in possession, things like that; but
all of them, especially prostitution, are crimes that lead to other things
other than just a moral issue --

          [DEFENSE
COUNSEL]:  Objection to that; it’s
speculation.  She’s qualified as an
expert as to what crime prostitution --

          THE
COURT:  All right.  I’ll sustain the objection.

          [DEFENSE
COUNSEL]:  Ask that the jury –

          THE
COURT:  The jury will disregard.

          [DEFENSE
COUNSEL]:  -- move for a mistrial.

          THE
COURT:  Denied.

          Q.  . . .  Why is that -- why is it that you are assigned
to that unit?

          . . . .

          A.  Prostitution, in and of itself -- most of the
people involved in those activities are -- they are not just for the sex acts
for money; it’s drug deals, a lot of robberies happen, sexual assaults happen
--

          [DEFENSE
COUNSEL]:  I’m going to object to talking
about drug deals and everything else. 
There’s no --

          THE
COURT:  Just make a legal objection.

          [DEFENSE
COUNSEL]:  I object to her testifying
about drug deals without any evidence.

          THE
COURT:  [Your] objection is relevance?

          [DEFENSE
COUNSEL]:  Relevance.

          THE
COURT:  Sustained.

          . . . .

          [DEFENSE
COUNSEL]:  -- move for mistrial.[[4]]

          On appeal, appellant contends that
Officer Bell’s testimony about other crimes related to prostitution inflamed
the jury against him and deprived him of a fair trial.  We review a trial court’s denial of a motion
for mistrial for an abuse of discretion.  Archie
v. State, 340 S.W.3d 734, 738–39 (Tex.
Crim. App. 2011); Ocon v. State, 284 S.W.3d
880, 884 (Tex. Crim. App. 2009).  We view
the evidence in the light most favorable to the trial court’s ruling.  Ocon,
284 S.W.3d at 884.  We will uphold the ruling if it was within the
zone of reasonable disagreement.  Id.; West
v. State, 121 S.W.3d 95, 107 (Tex. App.—Fort Worth 2003, pet. ref’d) (explaining
that we are ordinarily deferential to a trial court’s denial of a motion for
mistrial).

          A mistrial is an appropriate remedy
only in extreme circumstances for a narrow class of highly prejudicial and
incurable errors.  Ocon, 284 S.W.3d at 884; Marchbanks
v. State, 341 S.W.3d 559, 561–62 (Tex. App.—Fort Worth 2011, no pet.)
(explaining that a mistrial is appropriate when “the error is so prejudicial
that expenditure of further time and expense would be wasteful and futile”).  Because it is an extreme remedy, a mistrial
should be granted only when less drastic alternatives are insufficient to cure
the harm and residual prejudice remains.  Ocon,
284 S.W.3d at 884–85.  A trial court’s
prompt instruction is generally considered sufficient to cure improprieties
that occur during trial, and we generally presume that a jury follows the trial
court’s instructions.  Gamboa v. State, 296 S.W.3d 574, 580
(Tex. Crim. App. 2009).

We
conclude that the trial court did not abuse its discretion by implicitly
determining that Officer Bell’s testimony quoted above was not so extreme and
incurable that the jury could not ignore it and instead could fairly examine
the evidence in arriving at a verdict.  See id. 
Appellant argues that the fact that his objections to the officer’s
testimony were sustained proves that the testimony was harmful and that such
testimony impacted the jury’s deliberations, entitling him to a mistrial.  But showing that the statements were inadmissible
is not enough; there must be evidence that the harm was so great that the trial
court’s instructions to disregard the statements could not have cured the harm.
 See
Ocon, 284 S.W.3d at 884–85.

For
both statements, appellant asked the trial court to instruct the jury to
disregard, and the trial court immediately gave the instructions.  Appellant has not pointed to anything
indicating that the harm, if any, created by either statement, or both
statements taken together, was so much that it could not have been remedied by
the trial court’s instructions to disregard.  Further, there is no indication from the
record that the jury ignored the trial court’s instructions or that the
testimony impacted the jury’s verdict.  The
evidence of appellant’s guilt was strong, and the State did not refer to the
testimony during its closing argument on appellant’s guilt.[5]

Moreover,
while Officer Bell testified about how other crimes link to prostitution
generally, she did not attempt to link appellant to those other crimes.  Cf. Young
v. State, 283 S.W.3d 854, 878 (Tex. Crim. App.) (“We discern no abuse of
discretion in the trial court’s denial of a mistrial.  The testimony in issue did not actually assert
that the appellant stole the weapon or that he knew it was stolen.”), cert. denied, 130 S. Ct. 1015 (2009).

Finally,
although appellant asserts that the jury was inflamed when it learned through
Officer Bell’s testimony that other crimes could be linked with prostitution, the
theme of Officer Bell’s objected-to testimony only repeated what each jury
member had heard earlier that day.  During
voir dire, a juror stated that she did not like “the things that prostitution
seems to drag with it, and that’s drugs and other crimes that tend to go around
with it.”

We
hold that the trial court did not abuse its discretion by refusing to grant a
mistrial.  See Ocon, 284 S.W.3d at 884. 
We overrule appellant’s third and fourth points.

Conclusion

          Having overruled all of appellant’s
points, we affirm the trial court’s judgment.

 

PER CURIAM

 

PANEL: 
LIVINGSTON, C.J.; GARDNER and WALKER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  November 8, 2012











[1]See
Tex. R. App. P. 47.4.





[2]See Tex. Penal Code Ann. § 43.02(a)(1)
(West Supp. 2012).





[3]Officer
Bell testified at trial that “blow” is slang for oral sex.





[4]The
trial court did not rule on this second request for a mistrial.





[5]After
the jury convicted appellant, during the State’s closing argument on his
punishment, the prosecutor said, “We know, through our reason and deduction,
what types of things take place when you’re dealing with prostitution.  You got drugs.  We heard, you know, sometimes you get
involved in underage females getting involved in prostitution; could lead to a
lot worse crimes.”  Appellant did not
object to this argument.  And despite the
argument, appellant received thirty days’ confinement, which was the minimum
sentence allowable for his offense considering that he had pled true to a prior
misdemeanor conviction.  See Tex. Penal Code Ann. § 12.43(b)(2) (West 2011).