02-12-082-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-12-00082-CR

 

 


 
 
 Eddie
 Calvin Dorris, II
  
  
  
 v.
  
  
  
 The
 State of Texas
 
 
 §
  
 §
  
 §
  
 §
  
 §
 
 
 From the 396th District
 Court
  
 of
 Tarrant County (1200819D)
  
 March
 7, 2013
  
 Per
 Curiam
  
 (nfp)
 
 


 

JUDGMENT

 

          This
court has considered the record on appeal in this case and holds that there was
no error in the trial court’s judgment.  It is ordered that the judgment of the
trial court is affirmed.

 

SECOND DISTRICT COURT OF APPEALS

 

 

 

PER
CURIAM

 

 

 

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-12-00082-CR

 

 


 
 
 Eddie Calvin Dorris, II
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM THE 396th
District Court OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

          Appellant
Eddie Calvin Dorris, II appeals his conviction for aggravated assault with a
deadly weapon.[2]  In one point, he
contends that the trial court erred by overruling his objection to part of the
State’s closing argument.  We affirm.

Background Facts

          Appellant
was Rhonda’s[3] boyfriend.  He was
physically abusive with her on several occasions.  One evening in May 2010, he
drove her to a secluded area, offered her some drugs, and indicated that he
wanted to have sex with her in his truck.  Rhonda told appellant that she
wanted to go home, but he called her his “field whore,” and they had sex
without her consent.  Rhonda told appellant that she needed to use the
restroom, and when he let her out of his truck, she tried to run away.  He
caught up to her, dragged her across a road, hit her, kicked her in the ribs, stomped
on her, and “pound[ed] [her] in the face.”  Appellant abused Rhonda for hours. 
He told her more than once that she was going to die.  Eventually, appellant returned
to his home with blood on his hands and told Kady, who was staying there, that
he had hurt Rhonda badly.

          A
driver saw Rhonda walking on a highway and noticed that she had severe injuries
and was crying and panicking.  Rhonda told the driver that her boyfriend had
beaten and raped her.  The driver called 911.  An officer went to the scene and
noticed that Rhonda was covered in blood, had severe cuts, and was wearing
nothing except a pair of shorts.  An ambulance took Rhonda to a hospital, where
medical personnel determined that she had broken ribs, a slightly collapsed
lung, a broken nose, and significant bruising over all of her body.  Rhonda
stayed in the hospital for a few days, where she had a tube in her chest to
heal her lung and received medicine to lessen her pain.

          A
grand jury indicted appellant with, among other charges, aggravated assault with
a deadly weapon.  Appellant pled not guilty.  After listening to the evidence
and the arguments of the parties, a jury convicted appellant of aggravated
assault with a deadly weapon.  The trial court heard brief evidence concerning
appellant’s punishment and sentenced him to twenty years’ confinement.  Appellant
brought this appeal.

The Propriety
of the State’s Closing Argument

          In
his only point, appellant argues that the trial court erred by overruling his
objection to part of the State’s closing argument on his guilt, in which the
following exchange occurred:

[THE STATE]:  [Defense counsel] says there was no
specific intent to kill [Rhonda].[[4]]  Well, if there’s
no specific intent to kill [Rhonda], this man, when he drug her across the
highway and was beating her, did he stop right there?  No, he didn’t.  Because
you know what he did?  He started kicking her.  And he kicked her so much her
ribs cracked and she had a collapsed lung.  There’s your specific intent.

          If there was no specific intent to kill her,
there was no reason for her to go to the hospital.  They say he doesn’t have
intent to kill her.  Oh, my gosh, did you go see -- did you go to the hospital
for her?  Did you call paramedics?  Did you seek medical attention?  No, he
didn’t.

          [DEFENSE COUNSEL]:  Objection, Your Honor.  He’s
asking my client questions, motioning towards him.  It’s a comment on my client’s
failure to testify.

          THE COURT:  Overruled.

          [DEFENSE COUNSEL]:  Thank you.

          [THE STATE]:  Did he seek medical attention?  No,
he didn’t.  Because he was trying to kill her.

          They say he wasn’t trying to kill her.  Well,
oh, my gosh, was he so concerned that he went to the police?  No.  He went to
work that day.  That’s how concerned he was.

          After
the jury convicted him of aggravated assault with a deadly weapon, appellant
filed a motion for new trial in which he contended that the State had violated
his “Constitutional right not to testify” by making the argument quoted above. 
On appeal, appellant argues that the part of the State’s closing argument in
which the prosecutor asked rhetorical questions to him violated his federal and
state constitutional rights and also violated section 38.08 of the code of
criminal procedure.  See U.S. Const. amend. V; Tex. Const. art. I, § 10;
Tex. Code Crim. Proc. Ann. art. 38.08 (West 2005) (“Any defendant in a criminal
action shall be permitted to testify in his own behalf therein, but the failure
of any defendant to so testify shall not be taken as a circumstance against
him, nor shall the same be alluded to or commented on by counsel in the cause.”).[5] 
Appellant contends that the State’s rhetorical questions to him commented on
his decision to not testify because the questions were about issues that could
be established only through his testimony.

          The
purpose of closing argument is to “facilitate the jury’s proper analysis of the
evidence presented at trial so that it may arrive at a just and reasonable
conclusion based on the evidence.”  Faulkner v. State, 940 S.W.2d 308,
311 (Tex. App.—Fort Worth 1997, pet. ref’d) (en banc op. on reh’g).  To be
permissible, the State’s closing argument must fall within one of the following
four general areas:  (1) summation of the evidence;
(2) reasonable deduction from the evidence; (3) answer to argument of
opposing counsel; or (4) plea for law enforcement.  Felder v. State,
848 S.W.2d 85, 94–95 (Tex. Crim. App. 1992), cert. denied, 510 U.S. 829
(1993); Alejandro v. State, 493 S.W.2d 230, 231 (Tex. Crim. App. 1973). 
Rhetorical questions are generally within the scope of jury argument as long as
they reasonably relate to the evidence.  See Wolfe v. State, 917 S.W.2d
270, 280 (Tex. Crim. App. 1996).

          The
State cannot “comment on the failure of an accused to testify.  Such a comment
violates the privilege against self-incrimination and the freedom from being
compelled to testify contained in the Fifth Amendment of the United States
Constitution and Article I, § 10, of the Texas Constitution.”  Bustamante v.
State, 48 S.W.3d 761, 764 (Tex. Crim. App. 2001) (footnote omitted).  To
violate the defendant’s right against compelled self-incrimination, however,
the 

offending language must be viewed from the jury’s
standpoint and the implication that the comment referred to the defendant’s
failure to testify must be clear.  It is not sufficient that the language might
be construed as an implied or indirect allusion.  The test is whether the
language used was manifestly intended or was of such a character that the jury
would necessarily and naturally take it as a comment on the defendant’s failure
to testify.

Id. at
765 (footnotes omitted); Hill v. State, 303 S.W.3d 863, 877–78 (Tex.
App.—Fort Worth 2009, pet. ref’d) (applying the Bustamante standard and
overruling an appellant’s argument because it was unclear whether the
prosecutor’s comment referred to the appellant’s decision to not testify); White
v. State, 201 S.W.3d 233, 244 (Tex. App.—Fort Worth 2006, pet. ref’d)
(overruling an appellant’s argument because there was “no clear implication
that the [prosecutor’s] comment referred to [the appellant’s] failure to
testify”).

          Before
the parties began their closing arguments, the jury had received evidence from Rhonda
that after appellant left her alone in a field, he did not return to try to
help her or to take her to a hospital.  Kady testified that appellant came home
at approximately 1:30 a.m. after beating Rhonda.  According to Kady, appellant
told her that he had beaten and choked Rhonda, that he had “left her by a tree,”
and that she “wasn’t going anywhere” because he had “hit her so many times in
the face that . . . she wouldn’t be able to see where she was going.”  Kady
testified that appellant gathered water and towels so that he could find Rhonda
and “clean her up” before he brought her back to the house.  Appellant told Kady
to not call the police, and he said that Rhonda was “lucky that he didn’t have
a shovel.”  Kady testified that appellant eventually left with another man who
was living in the house to look for Rhonda.

          Based
on this context within the record, we conclude that the complained-of argument,
through the rhetorical questioning of appellant, permissibly summarized evidence
that the jury had heard from Rhonda and Kady about appellant’s actions, or lack
thereof, on the date of the offense, including his failure to seek medical
attention for Rhonda or to take her to the hospital.  See
Felder, 848 S.W.2d at 94 (stating that parties may summarize
evidence in closing arguments); Marchbanks v. State,
341 S.W.3d 559, 564–65 (Tex. App.—Fort Worth 2011, no pet.) (same); see also
Goff v. State, 931 S.W.2d 537, 548 (Tex. Crim. App. 1996) (“Where the
statement does not refer to evidence which can only come from the defendant,
then it is not a direct comment on a defendant’s failure to testify.”), cert.
denied, 520 U.S. 1171 (1997); Hernandez v. State, 114 S.W.3d 58, 62–63
(Tex. App.—Fort Worth 2003, pet. ref’d) (holding that a prosecutor’s argument
that emphasized evidence in the record that related to a defendant’s intent was
not a comment on the defendant’s decision against testifying).  The argument
did not expressly or implicitly refer to what appellant said, or did not say, regarding
his crime on the day of the offense or at trial.  Also, the rhetorical
questions asked by the prosecutor to appellant during the argument referred
only to his actions on the date of the offense, not to his state of mind on the
date of trial.  Cf. Archie v. State, 340 S.W.3d 734, 740 (Tex. Crim.
App. 2011) (holding that during closing argument, a prosecutor’s rhetorical
question to a defendant about evidence in the record was permissible, but
questions about the defendant’s state of mind on the day of trial were
impermissible because they could be answered only through the defendant’s
testimony).  Finally, contrary to appellant’s argument in his brief, the complained-of
argument did not question why appellant failed to seek medical attention for Rhonda
but merely highlighted evidence in the record that he did not do so.

          For
these reasons, we hold that the complained-of argument was not manifestly
intended to refer to appellant’s decision to not testify and that a jury would
not have “necessarily and naturally” taken the argument as a comment on his
failure to testify.  See Bustamante, 48 S.W.3d at 765.  Thus, we
overrule appellant’s contention in his only point that the argument violated
his constitutional or statutory rights.  See Hill, 303 S.W.3d at 877–78.

Conclusion

          Having
overruled appellant’s only point, we affirm the trial court’s judgment.

 

PER CURIAM

 

PANEL: 
LIVINGSTON,
C.J.; MCCOY and GABRIEL, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  March 7, 2013









[1]See Tex. R. App. P. 47.4.





[2]See Tex. Penal Code
Ann. § 22.02(a)(2) (West 2011).





[3]To protect the victim’s anonymity,
we will use only the first names of the people associated with appellant’s acts.
 See Daggett v. State, 187 S.W.3d 444, 446 n.3 (Tex. Crim. App. 2005); McClendon
v. State, 643 S.W.2d 936, 936 n.1 (Tex. Crim. App. [Panel Op.] 1982).





[4]Along with aggravated
assault with a deadly weapon, the grand jury also indicted appellant with
attempted capital murder (which requires a specific intent to commit murder),
but the jury acquitted appellant of that charge.  See Tex. Penal Code
Ann. § 15.01(a) (West 2011), § 19.03(a)(2) (West Supp. 2012).  Before the
State’s quoted argument, appellant’s counsel had argued that appellant did not
specifically intend to kill Rhonda.





[5]Appellant does not
separately brief his constitutional and statutory arguments or argue that
different standards should apply to each alleged violation of his rights.