

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00112-CR

KELLY WINN                                                          APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

----------

## FROM COUNTY CRIMINAL COURT NO. 4 OF DENTON COUNTY
## TRIAL COURT NO. CR-2010-06698-D

----------

## MEMORANDUM OPINION[1]

----------

In a single issue, Kelly Winn contends that his conviction for driving while intoxicated (DWI) should be reversed because of allegedly improper jury argument by the State. We affirm.

---

[1]*See* Tex. R. App. P. 47.4. This case was originally submitted on January 31, 2013. On June 10, 2014, the court, on its own motion, ordered the appeal to be resubmitted on July 1, 2014; assigned this case to a new panel; and assigned the undersigned to author the opinion.

## Background Facts

Appellant ran a stop sign and caused a traffic accident. The Frisco Police Department dispatched Sergeant Ryan Moore and Officer Jesse David Moon to the scene of the accident. When they arrived, they noticed that appellant was acting strangely, had "glassed over" eyes, slurred his speech, was groggy, and had trouble following directions. Appellant admitted he had drunk four or five beers. The officers asked him to get out of the car and participate in three standard field sobriety tests; appellant failed all three. Officer Moon then arrested appellant for DWI.

At appellant's trial, his counsel objected four times during the rebuttal portion of the State's closing argument:

> [State]: . . . [Defense counsel] has done a good job of pointing out exactly what his job is today. Our job, we have the burden of proof. We put evidence before you and we show you beyond a reasonable doubt that someone is guilty of an offense. [Defense counsel's] job, because he does not have a burden of proof, because under the Constitution his client doesn't have to do anything but show up in court today, his job is to poke little holes wherever he can.
>
> [Defense]: Objection; striking at my client over my shoulder, Judge.
>
> [Trial court]: I'd sustain that objection.
>
> [Defense]: Ask that the jury disregard that statement from the Prosecutor.
>
> [Trial court]: Disregard that statement.
>
> [Defense]: Move for a mistrial, Judge.
>
> [Trial court]: That'd be denied.

2

. . . .

[State]: I'm glad you're going to disregard that last statement I made because the statements of Counsel—page 4, if you wouldn't mind. Page 4 of your jury charge, bottom of the page, second paragraph from the bottom. Nothing that I or [defense counsel] or any of the other lawyers . . . anything we say is not evidence. When somebody says, "Well, that would kill a horse; a horse wouldn't be on its feet," that's not evidence. You didn't hear any evidence of that.

[Defense]: Objection, Your Honor. The jury can make a reasonable deduction from the evidence they hear.

[Trial court]: I'll overrule that, but I would tell the jury they can make a reasonable deduction from the evidence.

[Defense]: Thank you, Your Honor.

[State]: Is that reasonable? No. You didn't hear anything about horses and how much alcohol it takes to choke a horse. You didn't hear any evidence saying that someone with this high a breath test has to be comatose, something [defense counsel] said in opening and he gave you no evidence of.

[Defense]: Actually, Judge, I would object to that. Ms. Fondren actually testified a person could be in a coma state, not necessarily—

[State]: Object to a speaking objection, Your Honor.

[Trial court]: I'll sustain the objection to a speaking objection, but I'll tell the jury to remember the evidence they heard from witnesses and on the videotape and not necessarily—what the attorneys say is not necessarily evidence, so please follow those rules.

You may continue.

. . . .

[State]: Ladies and gentlemen, we have a man who drank too much, we have a man who got on the road, who got on your roads, a man who went out on one of the busiest roads in that—

3

[Defense]: Objection; personalizing argument to the jury, Your Honor.

[Trial court]: I'll sustain that objection.

[Defense]: Ask the jury to disregard that last statement of Counsel.

[Trial court]: I'll tell the jury to disregard that last statement of Counsel.

[Defense]: And, Your Honor . . . because personalizing the argument to the jury is an egregious error that I can't unring, I'm going to ask for my second mistrial of this Prosecutor's closing statement.

[Trial court]: And I'll deny that.

After finding appellant guilty of DWI, the judge assessed his punishment at 360 days' confinement, probated for twenty-four months, and a fine of $3,000.

**Analysis**

Appellant contends on appeal that the trial court abused its discretion by denying his motions for mistrial, either because of each individual improper argument or because of all of the improper arguments as a whole over a short period of time. Although appellant complains of all four arguments on appeal, he only asked for a mistrial twice: after the first argument about defense counsel's lack of a burden of proof and after the fourth argument that counsel characterized as "personalizing the argument to the jury." Because counsel never asked for a mistrial based on the cumulative effect of all four arguments, we will not address that argument on appeal. *See* Tex. R. App. P. 33.1(a)(1)(A); *Marchbanks v. State*, 341 S.W.3d 559, 564 (Tex App.—Fort Worth 2011, no pet.).

4

We review a trial court's ruling on a motion for mistrial for an abuse of discretion. *Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004); *Whitney v. State*, 396 S.W.3d 696, 703 (Tex. App.—Fort Worth 2013, pet. ref'd) (mem. op.). When the refusal to grant a mistrial follows an objection for improper jury argument, we balance three factors to determine whether the trial court abused its discretion: (1) the severity of the misconduct (prejudicial effect), (2) curative measures, and (3) the certainty of conviction absent the misconduct. *Hawkins*, 135 S.W.3d at 77; *Whitney*, 396 S.W.3d at 703. Only when the prejudice caused by the improper argument is incurable—"so prejudicial that expenditure of further time and expense would be wasteful and futile"—will a mistrial be required. *Hawkins*, 135 S.W.3d at 77; *Whitney*, 396 S.W.3d at 703–04. In most cases, an instruction to disregard will cure the alleged harm. *Wesbrook v. State*, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000), *cert. denied*, 532 U.S. 944 (2001); *Whitney*, 396 S.W.3d at 704.

Even if the State's argument did improperly strike over counsel's shoulder,[2] it was not egregious in that it pointed out that the State had the burden of proof while the defense did not. The trial court instructed the jury to disregard the statement. *See, e.g.*, *Wilkerson v. State*, 881 S.W.2d 321, 327 (Tex. Crim. App.), *cert. denied*, 513 U.S. 1060 (1994); *Whitney*, 396 S.W.3d at 706.

---

[2]*See Whitney*, 396 S.W.3d at 704–05 (collecting cases and noting that an argument which strikes over counsel's shoulder is one that refers to defense counsel personally and "explicitly impugns defense counsel's character").

5

Additionally, the certainty of appellant's conviction absent the argument is high; there was ample evidence of appellant's guilt, including—in addition to the officer's observations and appellant's performance on the field sobriety tests— that breath samples taken afterward showed his blood alcohol content to be over .3. Accordingly, we conclude and hold that the trial court did not abuse its discretion by denying appellant's first motion for a mistrial. Likewise, for the same reasons, we conclude and hold that the trial court did not abuse its discretion by denying the second motion for mistrial: any impropriety was not severe, the trial court gave a curative instruction, and the evidence supporting appellant's guilt was more than sufficient.

To the extent appellant complains about the trial court's overruling his objections to the other two arguments—about the jury's ability to make reasonable deductions from the evidence—we conclude and hold that the trial court did not abuse its discretion. These arguments were in response to appellant's trial counsel's closing argument that the breath test results were impossible because "a horse doesn't have enough tolerance to have 18 shots of 80-proof liquor and be standing."[3] Responses to arguments of opposing counsel are proper. *See, e.g.*, *Brown v. State*, 270 S.W.3d 564, 570–71 (Tex. Crim. App.

---

[3]Defense counsel had explicitly stated during his opening that the officers were surprised by the breath test results because "a person with a .32 breath test should be in a coma."

2008), *cert. denied*, 556 U.S. 1211 (2009). We therefore overrule appellant's sole issue.

## Conclusion

Having determined that the trial court's rulings on the complained-of jury arguments do not constitute reversible error, we affirm the trial court's judgment.

/s/ Terrie Livingston

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL: LIVINGSTON, C.J.; WALKER and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: August 7, 2014