

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-19-00049-CR
No. 02-19-00050-CR

———————————————

HARRY VEGA CRUZADO, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 235th District Court
Cooke County, Texas
Trial Court Nos. CR17-00565, CR17-00567

Before Gabriel, Kerr, and Wallach, JJ.
Memorandum Opinion by Justice Wallach

# MEMORANDUM OPINION

The jury convicted Appellant Harry Vega Cruzado of continuous family violence and assault on a family member by impeding breath or circulation. Tex. Penal Code Ann. §§ 22.01(b)(2)(B), 25.11(e). In two points, Cruzado complains of (1) the trial court's failure to grant a mistrial after the complainant testified that Cruzado had been at "TDC" and (2) the State's commenting during closing argument on his failure to testify. We affirm.

## Background

The State indicted Cruzado for continuous family violence against his then-wife C.C. and for assaulting her by impeding her breath or circulation. C.C., who by the time of trial had divorced Cruzado, testified at trial about physical abuse directed at her by Cruzado. During her testimony, in response to a question from the State, C.C. stated that Cruzado was living at "TDC." The trial court sustained Cruzado's objection and instructed the jury to disregard the testimony, but it denied Cruzado's request for a mistrial.

The jury found Cruzado guilty of both offenses and assessed punishment at five years' confinement and a $2,500 fine for the assault offense and twelve years' confinement and a $5,000 fine for the continuous family violence offense. The trial court sentenced him accordingly, with the sentences to run concurrently.

## Discussion

## I. The trial court's denial of a mistrial was not error.

In his first point, Cruzado argues that the trial court erred by failing to grant his motion for mistrial after the complainant testified that when she met Cruzado, he was living at TDC. The complainant, at the request of her stepsister, had written to Cruzado while he was in prison. During the complainant's testimony, the State asked her,

> [Prosecutor:] Okay. How did you meet [Cruzado]?
>
> *A.* My ex-stepsister, who was a really good friend, had told me I should write to him, and I said okay.
>
> *Q.* Okay. Where was he living at the time?
>
> *A.* TDC.
>
> *MR. TATUM:* Objection, Your Honor, may we approach?
>
> *THE COURT:* Yes.

The trial court then excused the jury. Cruzado's attorney objected that the testimony "was prejudicial to [his] client," and he requested a mistrial. After argument from both sides, the trial court sustained Cruzado's objection, stating, "I'm not going to admit the fact that he was incarcerated in the penitentiary." The trial court instructed the jury to disregard the witness's statement but denied Cruzado's request for a mistrial. When the prosecutor resumed questioning the complainant, he asked in what city Cruzado was living at the beginning of their relationship, and the

3

complainant replied, "White Settlement." Cruzado argues on appeal that the trial court erred by denying his motion for mistrial because the testimony that he was living at TDC was "highly inflammatory," was irrelevant and prejudicial, and prevented him from receiving a fair trial.

"We review a trial court's denial of a motion for mistrial under an abuse of discretion standard and must uphold the trial court's ruling if it was within the zone of reasonable disagreement." *Marchbanks v. State*, 341 S.W.3d 559, 561 (Tex. App.—Fort Worth 2011, no pet.). A mistrial is required "[o]nly in extreme circumstances where the prejudice is incurable," that is, when "the error is 'so prejudicial that expenditure of further time and expense would be wasteful and futile.'" *Orr v. State*, 306 S.W.3d 380, 403 (Tex. App.—Fort Worth 2010, no pet.) (quoting *Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004)).

The Court of Criminal Appeals has held that "reference by a witness to a defendant's prior incarceration in the penitentiary, formerly known as the Texas Department of Corrections and oftentimes colloquially referred to as 'TDC,' is improper because it violates the longstanding general rule [that] prohibits the introduction of collateral offenses and transactions." *Fuller v. State*, 827 S.W.2d 919, 926 (Tex. Crim. App. 1992). However, "[w]hen objectionable testimony is elicited, inadvertently or deliberately, an appellate court presumes the jury will follow instructions to disregard the evidence." *Drake v. State*, 123 S.W.3d 596, 604 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd); *see also Gardner v. State*, 730 S.W.2d 675,

4

696 (Tex. Crim. App. 1987) (stating that "[i]n the vast majority of cases" in which irrelevant testimony comes in, "deliberately or inadvertently," and "carries with it some definite potential for prejudice to the accused, this Court has relied upon what amounts to an appellate presumption that an instruction to disregard the evidence will be obeyed by the jury"). Thus, a trial court's instruction to disregard renders harmless testimony referring to the defendant's extraneous offenses "unless it appears the evidence was so clearly calculated to inflame the minds of the jury or is of such damning character as to suggest it would be impossible to remove the harmful impression from the jury's mind." *Drake*, 123 S.W.3d at 604 (quoting *Kemp v. State*, 846 S.W.2d 289, 308 (Tex. Crim. App. 1992); *see also Fuller*, 827 S.W.2d at 926 (stating that generally, when a witness references a defendant's prior incarceration, "a prompt instruction to disregard cures the error"). Unrepeated, undeveloped testimony referencing a defendant's connection to TDC is generally not "so clearly calculated to inflame the minds of the jury or . . . of such damning character as to suggest it would be impossible to remove the harmful impression from the jury's mind." *Dozal v. State*, No. 02-13-00478-CR, 2015 WL 120491, at *4 (Tex. App.—Fort Worth Jan. 8, 2015, no pet.) (mem. op., not designated for publication) (citing *Drake,* 123 S.W.3d at 603–04); *see Kemp v. State*, 846 S.W.2d 289, 308 (Tex. Crim. App. 1992) ("We find the uninvited and unembellished reference to appellant's prior incarceration—although inadmissible—was no[t] so inflammatory as to undermine the efficacy of the trial court's instruction to disregard."); *Gardner*, 730 S.W.2d at 696 (holding that a witness's

statement that the appellant had been in prison "was undoubtedly inadmissible and prejudicial testimony, having no relevance to any issue at the guilt stage of trial" but that "that bare fact, unembellished, was not so inflammatory as to undermine the efficacy of the trial court's instruction to disregard it").

In this case, the complainant testified in response to the State's questioning that Cruzado was living at "TDC" when she met him. However, "TDC" was not explained to be the Texas Department of Corrections, the jury was not told any details of why Cruzado was in TDC, and the trial court instructed the jury to disregard the statement. Under these circumstances, we cannot conclude that any harmful impression resulting from the statement was incurable by an instruction to disregard. *See Drake*, 123 S.W.3d at 604.

Cruzado cites to *Enriquez v. State*, 56 S.W.3d 596, 600 (Tex. App.—Corpus Christi 2001, pet. ref'd), for the proposition that the complainant's TDC reference was prejudicial. In *Enriquez*, the State wanted to prove up the defendant's three prior convictions for the purpose of impeaching the appellant's statements to police, which had been brought in through the testimony of a police officer. *Id.* The court of appeals in that case noted that "[e]vidence of these convictions was inflammatory because they portrayed appellant as a drug dealer in a region where narcotics trafficking is a serious problem." *Id.* at 602. Unlike in this case, there was no curative instruction—to the contrary, the trial court had admitted the evidence—and the jury was told the specifics of the prior convictions rather than hearing only an unrepeated

and undeveloped reference to TDC. *See id.* at 600. Here, on the other hand, the jury was instructed to disregard the testimony, and the singular reference to TDC was not "so clearly calculated to inflame the minds of the jury or . . . of such damning character as to suggest it would be impossible to remove the harmful impression from the jury's mind." *See Drake*, 123 S.W.3d at 604 (quoting *Kemp*, 846 S.W.2d at 308, and citing comparable cases in which courts had held that a curative instruction was sufficient to render objectionable testimony harmless). We overrule Cruzado's first point.

## II.    Appellant did not preserve error on his second point.

In his second point, Cruzado complains that during closing argument, the State indirectly commented on his failure to testify in violation of his constitutional and statutory right to remain silent. Cruzado's argument arises from the following statements by the prosecutor:

> So this case is about control that he exhibited over [the complainant]. That's why it's such a horrendous case. It's because for 22 months, . . . he held her basically at his will. He held her down and he put her through that for 22 months. That's why it's such a bad case. That's why it's a felony and that's why it's over here. It's because it is that bad.
>
> And like I said, you have—you have a mountain of evidence that [the complainant] gave you. And a lot of it was corroborated. And I'll tell you this: None of it was challenged. We don't have anything to challenge any of that evidence.

The prosecutor then discussed the evidence that corroborated the complainant's testimony.

7

A complaint about a prosecutor's comment on the defendant's failure to testify, like most other complaints, is forfeited by a failure to comply with the requirements for error preservation under Texas Rule of Appellate Procedure 33.1. Tex. R. App. Proc. 33.1; *Hopper v. State*, 483 S.W.3d 235, 236–37 (Tex. App.—Fort Worth 2016, pet. ref'd); *see also Mendez v. State*, 138 S.W.3d 334, 342 (Tex. Crim. App. 2004) (stating that most types of complaints are forfeited by the failure to present a timely, specific objection, request, or motion to the trial court for a ruling). Cruzado did not object to the prosecutor's argument and, accordingly, assuming that the prosecutor's statement was a comment on Cruzado's failure to testify, he forfeited any error arising from the prosecutor's argument. *See Garcia v. State*, 887 S.W.2d 862, 877 (Tex. Crim. App. 1994), *abrogated in part on other grounds by Hammock v. State*, 46 S.W.3d 889 (Tex. Crim. App. 2001); *Hopper*, 483 S.W.3d at 237.

Cruzado acknowledges that he did not object but argues that "the argument was in bad faith" and that the "bad faith shown by the prosecutor in conjunction with the language of [Texas Code of Criminal Procedure Article] 38.08 is [a] basis for reversal even though there was no objection." *See* Tex. Code Crim. Pro. Ann. art. 38.08 ("[T]he failure of any defendant to so testify shall not be taken as a circumstance against him, nor shall the same be alluded to or commented on by counsel in the cause."). However, while a prosecutor's bad faith is relevant to evaluating the harm from the prosecutor's comment on the defendant's failure to testify, *see Washington v. State*, 881 S.W.2d 187, 192 (Tex. App.—Houston [1st Dist.]

8

1994, no pet.); *Crocker v. State*, 248 S.W.3d 299, 305–06 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd), it does not relieve the defendant of his or her obligation to object to such a comment. *See Archie v. State*, 221 S.W.3d 695, 699 (Tex. Crim. App. 2007) ("To preserve error in prosecutorial argument, a defendant must pursue to an adverse ruling his objections to jury argument."). We overrule Cruzado's second point.

## Conclusion

Having overruled Cruzado's two points, we affirm the trial court's judgments.

/s/ Mike Wallach
Mike Wallach
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: March 12, 2020